# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DORA OATMAN, | ) |
| | ) Case No. |
| | ) |
| Plaintiff on her own behalf and on behalf of the Class defined herein, | ) Judge |
| | ) |
| v. | ) |
| | ) |
| INFOCISION, INC.; INFOCISION, MANAGEMENT CORPORATION, A/K/A IMC | ) **NOTICE OF REMOVAL** |
| | ) |
| Defendants. | ) |

Defendants InfoCision, Inc. and InfoCision Management Corporation, a/k/a IMC (collectively, "InfoCision"), pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446(a) and 1453(b), hereby remove this action from the Cuyahoga County Court of Common Pleas to the United States District Court for the Northern District of Ohio, Eastern Division. The grounds for removal are as follows:

1. On September 27, 2012, Dora Oatman filed a putative class action complaint against InfoCision in the Cuyahoga County Court of Common Pleas, Case No. CV-12-792397. Oatman purports to represent a nationwide class of individuals contacted by InfoCision in connection with its telemarketing services on behalf of charitable organizations. A copy of the complaint is attached as Exhibit A.

2. InfoCision was served with a copy of the summons and complaint on October 11, 2012. Copies of the relevant summonses are attached as Exhibit B.

3. This notice of removal is timely because it is being filed within 30 days from October 11, 2012. 28 U.S.C. § 1446(b).

4. This is a civil action over which this Court has original subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) (hereafter, "CAFA"), and is therefore removable pursuant to 28 U.S.C. §§ 1441(a) and 1453(b). CAFA allows for removal of any class action where (1) "any member of a class of plaintiffs is a citizen of a State different from any defendant," and (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).

## Minimal Diversity

5. Defendant InfoCision, Inc. is a Delaware corporation with its principal place of business in Akron, Ohio. (Compl. ¶ 3.) Defendant InfoCision Management Corporation is a registered trade name owned by InfoCision, Inc. (*Id.* ¶ 2.) InfoCision is thus a citizen of Delaware and Ohio for purposes of diversity jurisdiction analysis. *See* 28 U.S.C. § 1332(c).

6. Oatman alleges that, "Since 1982, InfoCision has been conducting solicitation campaigns throughout the United States, including Ohio." (Compl. ¶ 5.) Oatman seeks to represent a broad nationwide class consisting of any person who received a telemarketing call from InfoCision on behalf of any of its client charities at any time during the prior four years, and either contributed money or agreed to request donations from others in response to this call. (*Id.* ¶ 36 (proposed class includes "[a]ll persons in the United States who, during the Class Period . . . received a telephone solicitation call from an InfoCision representative on behalf of a charitable organization," and "transferred money either directly to the charitable organization or to InfoCision to be donated to the charitable organization or posted written solicitations to others").)

2

7. The fact that Oatman seeks to represent a nationwide class alone satisfies CAFA's minimal diversity requirement. *See Rosas v. Carnegie Mortgage, LLC*, 2012 WL 1865480, at *5 (C.D. Cal. May 21, 2012) ("Because the plaintiff alleges a nationwide class, minimal diversity necessarily exists."); *Margulis v. Resort Rental, LLC*, 2008 WL 2775494, at *2 (D.N.J. July 14, 2008) (notice of removal established minimal diversity by preponderance of the evidence "given that plaintiff alleges a nationwide class"); *see also* S. Rep. No. 109-14, at *24-28 (CAFA was intended to provide federal courts with jurisdiction over nationwide class actions).

8. The Bloomberg Report, dated September 12, 2012, and incorporated by reference into Oatman's Complaint (*see* Compl. ¶¶ 14, 18, 22-23), confirms that putative class members are located throughout the United States. *See* Bloomberg Report at 2 (citing InfoCision regulatory filing in North Carolina; filing shows that InfoCision collected $84,060.90 from North Carolina residents on behalf of the American Diabetes Association in 2011) (filing attached as Exhibit C); *see also id.* at 15 (describing how resident of Clayton, California agreed to send out materials on behalf of the American Institute for Cancer Research in response to telephone call from InfoCision in 2009).

9. Since members of the proposed class are citizens of States other than Delaware and Ohio, where InfoCision is incorporated and resides, minimal diversity exists. 28 U.S.C. 1332(d)(1)(D) (term "class members" means "the persons (named or unnamed) who fall within the definition of the proposed or certified class"); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1194 n.24 (11th Cir. 2007) ("[O]nly one member of the plaintiff class—named or unnamed—must be diverse from any one defendant.").

**Matter In Controversy**

10. The premise of Oatman's Complaint is that InfoCision made misrepresentations on behalf of all of its client charities during the proposed class period. (Compl. ¶¶ 12-13, 36, 38(b).) While Oatman makes specific allegations only with respect to the American Diabetes Association and the American Cancer Society (*see id.* ¶¶ 18, 22), she nonetheless alleges that InfoCision drafted similar "scripts" for each of its client charities during the class period, which uniformly misrepresented the amount of money that InfoCision would receive from each charitable campaign. (*Id.* ¶¶ 13-14, 19, 36, 38(b).)

11. From this premise, Oatman asserts three claims against InfoCision: (1) Fraud (Count One; Compl. ¶¶ 46-47); (2) Negligent Misrepresentation (Count Two; *id.* at ¶¶ 48-51); and (3) Unjust Enrichment (Count Three; *id.* at ¶¶ 52-55).[1]

12. Through these claims, Oatman seeks the potential return of all of the funds InfoCision collected from "thousands, if not millions" of putative class members across the country on behalf of its client charities during the proposed class period. (Compl. ¶¶ 38(d), 45.) Indeed, Oatman expressly alleges that common questions in this suit include "[w]hether the Defendants' retention of some, *or all*, of the Class Members' donations is or was wrongful." (*Id.* ¶ 38(d) (emphasis added).)

13. For this reason, it is apparent from the face of Oatman's Complaint that CAFA's $5 million matter in controversy requirement is satisfied. (*See* Compl. ¶¶ 19-24 (InfoCision collected more than $5.8 million for the American Cancer Society in 2008 and more than $5.3 million in 2009); *id.* ¶¶ 14, 16 (InfoCision estimated to raise $4.6 million for the American

---

[1] In filing this Notice of Removal, InfoCision does not concede that Oatman or the absent class members are entitled to recover any damages through this action. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("[S]uits are removed on the pleadings, long before 'evidence' or 'proof' have been adduced. The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance the plaintiff will fail and the judgment will be zero) does not prevent removal.").)

Diabetes Association in 2011); *see also* Bloomberg Report at 4 ("Overall, InfoCision brought in a total of $424.5 million for more than 30 nonprofits from 2007 to 2010, keeping $220.6 million, or 52 percent, according to state-filed records.").)

14. In addition, Oatman seeks punitive damages in connection with her fraud claim, which are included in the jurisdictional analysis. (*See* Compl. 12 (Prayer for Relief); *see also Smith v. Nationwide Property & Cas. Ins. Co.*, 505 F.3d 401, 404 (6th Cir. 2005) (jurisdictional analysis "must also take into account the ability of Plaintiff and the putative class to recover punitive damages, unless it is apparent to a legal certainty that such cannot be recovered.") (quotation omitted).)

15. In light of the nationwide class that Oatman seeks to represent, and the amount and nature of the relief that she seeks, both on her own behalf and on behalf of the absent class members, CAFA's jurisdictional requirements are satisfied, and removal is therefore appropriate. *See* 28 U.S.C. 1332(d)(2), 1453(b).

16. The undersigned counsel certify that all defendants join in this Notice of Removal. 28 U.S.C. § 1446(b).

17. Venue is appropriate in this judicial district because InfoCision resides in this district, and because Oatman alleges that a substantial part of the alleged events and omissions giving rise to her claims occurred here. 28 U.S.C. § 1391(b).

18. There have been no proceedings of note in state court as of the filing of this Notice of Removal. On September 28, 2012, the Court set a pre-trial conference for November 1, 2012. On October 23, 2012, InfoCision filed an unopposed motion to reschedule the conference until on or after November 8, 2012. The parties and the Court were in the process of

re-scheduling the conference as of the filing of this Notice, and thus the Court has not ruled on the motion. A copy of the docket and relevant pleadings is attached as Exhibit D.

19. As required under 28 U.S.C. § 1446(d), InfoCision will promptly file a copy of this notice with the Clerk of the Common Pleas Court of Cuyahoga County, and will serve a copy of the same upon counsel for the plaintiff.

20. This notice of removal is signed pursuant to Fed. R. Civ. P. 11 as required by 28 U.S.C. § 1446(a).

WHEREFORE, InfoCision gives notice that the action pending against it in the Court of Common Pleas for Cuyahoga County has hereby been removed from that court to the United States District Court for the Northern District of Ohio.

Dated: November 6, 2012                    Respectfully submitted,

/s/ Brett A. Wall
Brett A. Wall (0070277)
bwall@bakerlaw.com
Terry M. Brennan (0065568)
tbrennan@bakerlaw.com
Michael D. Meuti (0087233)
mmeuti@bakerlaw.com
David A. Carney (0079824)
dcarney@bakerlaw.com
Baker & Hostetler LLP
PNC Center
1900 East 9th Street, Suite 3200
Cleveland, Ohio 44114-3485
Telephone: 216.621.0200
Facsimile: 216.696.0740

*Attorneys for Defendants Infocision, Inc. and Infocision Management Corporation, A/K/A IMC*

**CERTIFICATE OF SERVICE**

  A copy of this Notice of Removal was served electronically and by regular mail, postage prepaid, this 6th day of November, 2012, upon the following:

Dennis E. Murray, Sr.
Margaret M. Murray
Charles M. Murray
Florence J. Murray
Patrick G. O'Connor
Murray & Murray Co. LPA
111 E. Shoreline Drive
Sandusky, OH  44870

J.M. Kelley III
John P. O'Neil
Phillip A. Kuri
Elk & Elk Co., Ltd.
6105 Parkland Blvd.
Mayfield Heights, OH  44124

                /s/ Brett A. Wall
                An Attorney for InfoCision