UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
DORA OATMAN, : CASE NO. 1:12-cv-2770
:
       Plaintiff, :
:
vs. : ORDER & OPINION
: [Resolving Docs. 10, 47]
INFOCISION, INC*., et al*, :
:
       Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      In this proposed class action lawsuit, Plaintiff Dora Oatman says that Defendants InfoCision, Inc., InfoCision Management Corporation, and IMC (collectively, "InfoCision") engaged in deceptive solicitation practices by misrepresenting the portion of solicited contributions that would go to charity. The case came before the Court for a case management conference on March 13, 2013, along with a related case, *Munro v. InfoCision, Inc.*, et al,[1] on March 13, 2013. Shortly thereafter, and following lengthy mediation, the parties in both cases represented that they would seek the Court's approval of a class action settlement encompassing both cases. On May 31, 2013, the extended deadline to file proposed settlement documentation, the parties represented that they were unable to agree on a final settlement.[2] On June 28, 2013, the plaintiffs in the *Munro* case agreed to settle their claims on an individual basis.[3]

---

    [1] No. 1:12-cv-2979.
    [2] [Doc. 30, 31.]
    [3] [No. 1:12-cv-2979 Doc. 38.]

-1-

Case No. 1:12-cv-2770
Gwin, J.

On July 10, 2013, Oatman then moved to amend her pleading, *inter alia*, to include class allegations that were originally part of Munro's complaint.[4] The Court granted Oatman's motion.[5]

InfoCision now moves for reconsideration.[6] Because the Court grants leave to amend liberally, the Court **DENIES** InfoCision's motion for reconsideration. However, on or before August 14, 2013, the Court orders Plaintiff Oatman to make herself available for a deposition on facts new to the amended complaint and relevant to class certification. Further, the Court will permit InfoCision to file a sur reply to Plaintiff's Motion for Class Certification on or before August 21, 2013, and not to exceed fifteen pages. Finally, in light of these developments, the Court **DENIES** InfoCision's earlier Motion to Strike the Class Allegations in Plaintiff's Complaint as moot.

Federal Rule of Civil Procedure 15(a)(2) says that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Whether to grant leave to amend is committed to this Court's discretion.[7]

Oatman said that amendment would permit her "to fully address and remedy all damages caused by InfoCision."[8] InfoCision says that the Court already entered a scheduling order in this case, and Federal Rule of Civil Procedure 16 says that "[a] schedule may be modified only for good cause and with the judge's consent." InfoCision also says that it will suffer prejudice because it had a pending motion to dismiss and the newly proposed class is substantially broader than the previous class. Finally, InfoCision also argues that amendment is futile because the proposed amended class

---

[4] [Doc. 39.]
[5] [Doc. 43.]
[6] [Doc. 47.]
[7] *Glazer v. Chase Home Finance, LLC*, 704 F.3d 453, 458-59 (6th Cir. 2013).
[8] [Doc. 39.]

Case No. 1:12-cv-2770
Gwin, J.

cannot be certified.

The meandering course by which this case arrived at this stage mitigates the force of InfoCision's arguments. The same good cause that led this Court to grant the parties a continuance to file settlement paperwork and, then, a further continuance to file class-certification briefing and dispositive motions also provides good cause for granting Oatman leave to amend here. When Oatman represented to this Court that she did not need to amend her pleadings, both she and InfoCision believed that a companion case would absorb many of the allegations that she now adds to her complaint. In light of Rule 15's instruction that the Court is to give leave freely, the Court finds that these delays and the settlement of the *Munro* case provide good cause to permit Oatman to amend her complaint after the Court's initial deadlines—especially in context of Rule 15's instruction.

To mitigate InfoCision's concerns of prejudice, the Court orders Oatman to be available for a deposition. The suggestion that InfoCision did not know that it would have to defend against these allegations at all has considerably less force in light of the *Munro* case. Further, any such prejudice would also attach to Oatman, whose discovery may not, to this point, have encompassed such allegations. And, to the extent that it did, would have put InfoCision on notice that Oatman was investigating in such practices. Thus, InfoCision should be able to conduct any further discovery within the time provided.

Finally, InfoCision's argument that amendment is futile is an invitation to prejudge the merits of Oatman's Motion for Class Certification. The Court will consider these arguments in a future Order.

For these reasons, the Court **DENIES** InfoCision's motion for reconsideration. However,

Case No. 1:12-cv-2770
Gwin, J.

on or before August 14, 2013, the Court orders Plaintiff Oatman to make herself available for a deposition related to facts new to the amended complaint and relevant to class certification. Further, the Court will permit InfoCision to file a sur reply to Plaintiff's Motion for Class Certification on or before August 21, 2013, and not to exceed fifteen pages. Finally, in light of these developments, the Court **DENIES** InfoCision's earlier Motion to Strike the Class Allegations in Plaintiff's Complaint as moot.

      IT IS SO ORDERED.


Dated: July 30, 2013                       s/ *James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE