# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |
|---|---|
| DORA OATMAN, et al., | Case No. 12-cv-02770 |
| Plaintiffs, | Judge James S. Gwin |
| vs. | Magistrate Judge Greg White |
| INFOCISION, INC., et al., | |
| Defendants. | |

## PRELIMINARY ORDER FOR NOTICE AND HEARING IN CONNECTION WITH SETTLEMENT PROCEEDINGS

Dora Oatman ( "Class Representative" or "Named Plaintiff") on behalf of herself and all others similarly situated (the "Plaintiffs") and InfoCision, Inc. and InfoCision Management Corporation a/k/a IMC (collectively, "InfoCision" or "Defendants") (collectively with Plaintiffs, the "Parties") have moved the Court to enter an Order: (a) conditionally certifying the Settlement Class; (b) preliminarily approving the Settlement as fair, reasonable, and adequate; (c) directing Notice to the Settlement Class; and (d) scheduling the Final Approval Hearing. After considering the Settlement and its Exhibits, and after due deliberation and consideration of the totality of the circumstances and the entire record, for good cause shown, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

The Court holds that, as further provided for below: (a) the Settlement Class is conditionally certified; (b) the Settlement is preliminarily approved as fair, reasonable, and adequate; (c) the Notice plan is approved and the Parties are directed to issue Notice to the

Settlement Class; and (d) the Final Approval Hearing will be held on _____, which is at least 100 days after Plaintiff moved for preliminary approval.[1]

1. **Defined Terms**.  Unless otherwise specified, the Court adopts the defined terms set forth in the Settlement Agreement for purposes of this Order.

2. **Preliminary Approval of Settlement**.  The Court **preliminarily approves** the terms of the Settlement Agreement, subject to further consideration at the Final Approval Hearing.  The Court finds that the Settlement is "the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls with[in] the range of possible approval." *In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 985, 1015–16 (S.D. Ohio) (quoting *Manual for Complex Litig*. § 30.44 (2d ed.1985)).  The Court thus preliminarily approves the Settlement Agreement.

3. **Conditional Certification for Settlement Purposes**.  For purposes of the Settlement only, pursuant to Federal Rule of Civil Procedure 23, the Settlement Class is conditionally certified as follows:

> All persons in the United States who (a) received a telephone call from, or placed a telephone call to, Defendants between September 27, 2008 and the present, concerning a Charity, that contained any misrepresentation and/or omission of any material fact, and (b) agreed to either donate to, or volunteer to solicit funds on behalf of, a Charity.

The Court conditionally certifies Dora Oatman as the representative of the Settlement Class defined above, and conditionally appoints Margaret M. Murray, Dennis E. Murray, Sr., John O'Neil and J.M. Kelly as Class Counsel.  This conditional certification of the Settlement Class

---

[1] The Class Action Fairness Act requires this 100-day delay.  Specifically, 28 U.S.C. § 1715(b) requires a class-action defendant to notify, within ten days of the settlement's being filed with the Court, federal and state officials of the settlement.  And § 1715(d) states that the Court may not grant final approval until at least ninety days after the defendant served that notice upon the appropriate federal and state officials.

and appointment of Class Representative and Class Counsel is solely for purposes of effectuating the Settlement.

Based on the Court's review of the motion(s) and supporting materials, the Court conditionally finds that the proposed Settlement Class satisfies Rule 23(a) of the Federal Rules of Civil Procedure for settlement purposes in that:

    a.    The Settlement Class is so numerous that joinder of all persons who fall within the Settlement Class definition is impracticable;

    b.    Members of the Settlement Class share at least one common legal or factual issue, including allegations related to InfoCision's alleged misrepresentations or omissions allegedly made during charitable-fundraising campaigns;

    c.    The typicality standard is satisfied; and

    d.    The Class Representative will fairly and adequately protect the interests of the Settlement Class and is represented by qualified attorneys who are competent to represent the Settlement Class.

The Court further conditionally finds that the proposed Settlement Class satisfies Rule 23(b)(3) of the Federal Rules of Civil Procedure because common issues predominate and the Settlement Class is superior to other available methods for the fair and efficient resolution of this controversy. The Court notes that because the Action is being settled, rather than litigated, it need not consider the manageability issues that the Action presents. *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

If the Settlement is terminated or is not consummated for any reason, the conditional certification of the Settlement Class and Class Representative, the conditional appointment of Class Counsel, and any factual findings relevant to those conditional certifications and appointments shall be void and of no further effect. In that case, the Parties shall revert to the status each occupied on August 29, 2013, the date before they agreed in principle to settle the Action. This Order shall in no way prejudice any legal argument that the Parties might have

asserted before August 29, 2013, including arguments for or against certification of any class the Parties might propose.

    **4.**     **Final Approval Hearing**. A Final Approval Hearing shall take place before the Honorable James S. Gwin, at   8:30 a.m.  , on   May 23, 2014   to determine:

    a.     whether the Court should finally certify the Settlement Class for purposes of the Settlement only;

    b.     whether the Court should finally approve the proposed Settlement as fair, reasonable, and adequate and issue the proposed Final Order;

    c.     whether the Settled Claims of the Settlement Class Members in this Action should be dismissed on the merits and with prejudice;

    d.     whether the application for attorneys' fees, expenses, and a Class Representative participation award submitted by Class Counsel should be approved; and,

    e.     such other matters as the Court may deem necessary or appropriate.

    **5.**     **Approval with Modifications**. The Court may finally approve the proposed Settlement at or after the Final Approval Hearing with any modifications agreed to by InfoCision and the Class Representative and without further notice to the Settlement Class.

    **6.**     **Right to Appear and Object**. Any potential Settlement Class Member may object to the Settlement as provided for below.

    a.     Settlement Class Members who wish to object to the Settlement must do so in **writing**. Written objections must be sent by United States mail to (i) Margaret Murray, Murray & Murray Co., L.P.A., 111 E. Shoreline Drive, Sandusky, Ohio 44870; and (ii) Sam Camardo, Baker & Hostetler LLP, 3200 PNC Center, 1900 East Ninth Street, Cleveland, Ohio 44114 ("Notice Counsel") no later than forty-five (45) days after the *Parade* Summary Notice is first published (the "Notice Response Deadline"). The

*USA Today* Summary Notice, which will run in the weeks following the *Parade* Summary Notice, will provide the Notice Response Deadline's exact date.

  b. All written objections must include: (1) the objector's full name, current address, current telephone number, the date the objector donated to or volunteered on behalf of a Charity, the name of the Charity, and proof that the objector is a member of the Settlement Class; (2) a statement of the objection(s) being asserted; (3) in clear and concise terms, the legal and factual arguments supporting the objection; (4) a list of witnesses who may be called to testify at the Final Approval Hearing, whether in person, by deposition, or affidavit; (5) a list of exhibits, and copies of same, that the objector may offer at the Final Approval Hearing; and, (6) the objector's signature. Any objection regarding or related to the Settlement shall contain a caption or title that identifies it as "Objection to Class Settlement in *Oatman, et al. v. InfoCision, Inc., et al.*, Case No. 12-cv-02770." Any Settlement Class Member who does not object to the Settlement in the manner described above waives his/her/its objection and is forever foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement or any provision of the Settlement Agreement. Any objector may object only on behalf of himself, herself, or itself and may not on behalf of another purported class, sub-class, or any other Settlement Class Member.

  c. Subject to the Court's approval, any objecting Settlement Class Member must appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the Court should not approve the Settlement as fair, adequate, and reasonable, or object to any petitions for Plaintiffs' attorneys' fees or costs or the Class Representative's participation award. The objecting Settlement Class Member must mail,

to all counsel designated in the Notice and to the Clerk of Court, a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear"), and that mailing must be postmarked by the Notice Response Deadline or on such other date that may be set forth in the Notice. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing. Any Settlement Class Member who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in the Notice shall be barred from speaking or otherwise presenting any views at the Final Approval Hearing. Plaintiffs' and/or InfoCision's counsel shall file any written objections and/or Notices of Intention to Appear, and any responses, with the Court as provided for in the Settlement Agreement.

7. **Notice.** The Court finds that while individual notice is generally required in class action settlements, Fed. R. Civ. P. 23(c)(2)(B); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974), the Settlement Class Members cannot be "identified through reasonable effort," and thus publication notice is appropriate in this Action. *Hughes v. Kore of Indiana Enterprise, Inc.*, U.S. Cir. Case No. 13-8018, 2013 U.S. App. LEXIS 18873, *7 (7th Cir. 2013); *Mirfasihi v. Fleet Mortg. Corp.*, 356 F.3d 781, 786 (7th Cir. 2004); *Reppert v. Marvin Lumber & Cedar Co.*, 359 F.3d 53, 57 (1st Cir. 2004). The Court further approves the Notice plan, as provided for in the Settlement Agreement, and directs the Parties to:

    a. Publish the Full Notice, attached to the Settlement Agreement as Exhibit F, on the internet at the website: www.infocisionclassactionsettlement.com.

    b. Publish the *Parade* Summary Notice, attached to the Settlement Agreement as Exhibit D, one time in *Parade Magazine* as soon as possible after the Court enters this Order.

  c. Publish the *USA Today* Summary Notice, attached to the Settlement Agreement as Exhibit E, in *USA Today* three times within the three weeks following the publication of the *Parade* Summary Notice. The *USA Today* Summary Notices will provide the exact date of the Notice Response Deadline.

The Court finds that the form, substance, and method of providing Notice is the best practicable under the circumstances and, if carried out, shall constitute due and sufficient notice of the Settlement under Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution.

  **8.** **Ability of Settlement Class Members to Opt Out**. Any Settlement Class Member may, at his, her, or its option, "opt out" of the Settlement. Those who wish to opt out must do so in writing before the Notice Response Deadline. Written requests to opt out must be sent by United States mail to Notice Counsel and must include: (1) the potential Settlement Class Member's full name, current address, current telephone number, the date the potential Settlement Class Member donated to or volunteered on behalf of a Charity, and the name of the Charity; (2) a statement that she or he wishes to be excluded from the Class; and (3) the potential Class Member's signature. Any Class Member who does not opt out of the Settlement in the manner just described shall be deemed to be part of the Settlement Class, and shall be bound by the Settlement, including but not limited to the releases, waivers, and covenants not to sue described in the Settlement, whether or not such person objected to or received actual notice of the Settlement.

  **9.** **Administration of Settlement**. The Court finds that the Parties' counsel shall administer the Settlement, including directing payment to the Charities.

  **10.** **No discovery of settlement materials**. No discovery with regard to the proposed Settlement or the Stipulation shall be permitted as to any of the settling Parties other than as may be directed by the Court upon a proper showing by the party seeking such discovery. Full

Notice, along with other relevant case documents including the Settlement Agreement, however, will be posted on the Internet at www.infocisionclassactionsettlement.com.

**11.** **<u>Other Litigation Activity in this Action</u>**. All discovery and other litigation activity in this Action is stayed until and unless the Settlement is terminated. The Parties shall retain all substantive and procedural rights and defenses, and the right to take any action in opposition to class certification in the Action, or any other action, if the Settlement is not finally approved by the Court or if the Settlement is terminated for any reason. The Parties' rights and defenses shall not be affected by the doctrine of judicial estoppel or otherwise, or waived, by the Parties' efforts to obtain approval of the Settlement.

**12.** **<u>No Admission of Wrongdoing</u>**. The Settlement shall not constitute an admission, concession, or indication of the validity of any claims or defenses in the Action, or of any wrongdoing, liability or violation by InfoCision, which vigorously denies all of the claims and allegations raised in the Action.

It is so ORDERED.

Date: November 25, 2013                             s/ James S. Gwin
                                                    THE HONORABLE JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE