IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DORA OATMAN, *et al.*, | Case No. 12-cv-02770 |
| Plaintiffs, | Judge James S. Gwin |
| v. | Magistrate Judge Greg White |
| INFOCISION, INC., *et al.*, | |
| Defendants. | |

**FINAL ORDER APPROVING SETTLEMENT**

Dora Oatman ("Class Representative" or "Named Plaintiff") on behalf of herself and the conditionally certified Settlement Class (together, the "Plaintiffs") has submitted an Unopposed Motion for entry of an Order: (a) certifying the Settlement Class; and (b) approving the Settlement as fair, reasonable, and adequate pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.  InfoCision, Inc. and InfoCision Management Corporation a/k/a IMC (collectively, "InfoCision" or "Defendants") do not oppose.

The Court has reviewed and considered the terms of the Settlement as set forth in the Settlement Agreement dated November 14, 2013, and held a Final Approval Hearing after the Plaintiffs and Defendants (collectively, the "Parties") sufficiently notified the Settlement Class according to the Court's Preliminary Order for Notice and Hearing in Connection with Settlement Proceedings entered on December 5, 2013 (the "Preliminary Approval Order").  The Court has also considered any objections submitted prior to the Final Approval Hearing that

complied with the Preliminary Approval Order, the presentations at the Final Approval Hearing, and all prior proceedings in this Action.

Accordingly, the Court enters the following FINDINGS and CONCLUSIONS:

## **Background**

A.      On or about September 27, 2012, Dora Oatman filed a class-action complaint in the Cuyahoga County Court of Common Pleas, which InfoCision later removed to the United States District Court for the Northern District of Ohio, Eastern Division as Case No. 1:12-cv-02770.  The complaint asserts claims on behalf of the Named Plaintiff and a purported class of persons who donated money to and/or volunteered on behalf of charities after receiving telephone calls from Defendants, on behalf of the charities, that contained alleged misrepresentations or omissions regarding how the charities allocated the donations received.

B.      Defendants moved to dismiss the complaint and to strike the complaint's class-action allegations, which Named Plaintiff opposed.

C.      The Parties conducted significant discovery, including written discovery, document discovery, and depositions from February through August 2013.

D.      On July 10, 2013, Oatman moved to amend her Complaint.  The Court granted her motion, and Oatman filed her Amended Complaint on July 26, 2013.  The Amended Complaint expanded Plaintiffs' theory of liability significantly.  Whereas the original complaint focused on misrepresentations and omissions regarding donation allocation, the Amended Complaint alleged new misrepresentations and omissions on various additional topics including whether matching funds existed, whether other volunteers were potentially available in call-recipients' neighborhoods, whether other individuals were monitoring the calls, on whose behalf the calls were conducted, and others.

    E.     The Parties conducted arm's-length negotiations regarding settlement from March through August 2013. At an August 2013 status conference with the Court, the Parties agreed in principle to settle the case.

    F.     The Parties memorialized their agreement in the Settlement Agreement. The Settlement provides for a Settlement Amount of $1,700,000. From the Settlement Amount, payments will be made to Charities to which Class Members donated or pledged to donate, or for which they volunteered. Payments to plaintiffs' counsel for reasonable fees and expenses, and a participation-award payment to the Named Plaintiff will also be made from the Settlement Amount. Settlement Amount funds not allocated for notice costs up to $50,000, to plaintiffs' counsel, or to Named Plaintiff will be allocated to the Charities on a pro-rata basis. In consideration for that relief, Plaintiff agreed to release all known and unknown claims against InfoCision that were asserted or could have been asserted in this Action.

    G.     The Settlement was preliminary approved by the Court on December 5, 2013. At that time, the Court set a date for the Final Approval Hearing and directed the Parties to issue notice to the conditionally certified Settlement Class.

    H.     On March 28, 2014, the Court held the Final Approval Hearing to consider whether the Settlement was fair, reasonable, and adequate and to consider any objections raised by Settlement Class Members.

### Factual Findings and Legal Conclusions

    A.     Capitalized terms used in this Order that are not otherwise defined have the meaning assigned to them in the Settlement Agreement.

B. **Jurisdiction.**  The Court has subject matter jurisdiction over this Action and all acts within this Action, and has personal jurisdiction over the Parties, including all Settlement Class Members.  Venue is also appropriate in this District.

C. **Notice to Settlement Class.**  Notice to the conditionally certified Settlement Class was completed through publishing the *Parade* and *USA Today* Summary Notices in two national publications over a period of three weeks, and publishing the Full Notice, the Settlement Agreement, and related documents on the Internet at a website described in the Summary Notices.  The Court finds that the Notice constituted the best notice practicable under the circumstances because the Settlement Class Members could not be identified through reasonable effort, which would require listening to more than 40 million recorded telephone calls of which approximately 75% are unavailable.  Fed. R. Civ. P. 23(c)(2)(B); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974); *Hughes v. Kore of Indiana Enter., Inc.*, No. 13-8018, 2013 U.S. App. LEXIS 18873, *7 (7th Cir. 2013); *Mirfasihi v. Fleet Mortg. Corp.*, 356 F.3d 781, 786 (7th Cir. 2004).  The method of Notice was reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the Settlement, and of their right to object and to appear at the Final Approval Hearing or to exclude themselves from the Settlement.  The Notice complied with due process as required by the United States Constitution and Federal Rule of Civil Procedure 23.  *See, e.g.*, *Hughes*, 2013 U.S. App. LEXIS 18873, at *7.

D. **Maintenance of a Class Action.**  For the reasons set forth in the Court's Preliminary Approval Order, the Court finds that the conditionally certified Settlement Class satisfies Rule 23, and may be finally certified as a Rule 23(b)(3) class for Settlement purposes only, and that the Named Plaintiff and her counsel will adequately represent the Settlement Class's interests.  Named Plaintiff and her counsel are appointed as Class Representative and

4

Class Counsel for purposes of Settlement only.  The Court also notes that it need not consider the manageability problems that could arise for a similar litigated class.  *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

      E.      **Fairness, Reasonableness, and Adequacy of the Settlement.**  At the Final Approval Hearing, the Court considered the fairness, reasonableness, and adequacy of the Settlement, and was advised of all objections to the Settlement.

      1.      The Settlement is the product of good faith, arm's-length negotiations between the Class Representative and Class Counsel, on one hand, and InfoCision and its counsel, on the other.

      2.      The Settlement is in all respects fair, reasonable, adequate, and proper, and in the best interest of the Settlement Class.  In reaching this conclusion, the Court considered a number of factors, including: (1) the likelihood of success on the merits and on the certification question weighed against the amount and form of the relief offered in the Settlement; (2) the risks, expense, and delay of further litigation; (3) the judgment of experienced counsel who have competently evaluated the strength of their proofs; (4) the amount of discovery completed and the character of the evidence uncovered; (5) whether the Settlement is fair to the unnamed Settlement Class members; (6) objections raised by Settlement Class members; (7) whether the Settlement is the product of arm's-length negotiations as opposed to collusive bargaining; and (8) whether the Settlement is consistent with the public interest.  *IUAW of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007); *Godec v. Bayer Corp.*, No. 1:10-CV-224, 2013 WL 1089549, at *1 (N.D. Ohio Mar. 14, 2013).

      3.      The Court specifically finds that the payments to the Charities that the Settlement Amount provides for, as opposed to direct payments to the Settlement Class

Members, is appropriate in this case because "proof of individual claims would be burdensome [and] distribution of damages costly."  *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1038 (9th Cir. 2011); *In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 169 (3d Cir. 2013).  The Court finds that payments to the Charities satisfy the Class Members' interests.  *See In re Lupron Mktg. & Sales Practices Litig.*, 677 F.3d 21, 33 (1st Cir. 2012) (requiring only that the payments "reasonably approximate" the settlement class's interests).  That is especially so here because the Class Members are people who intended to—and did—donate either their money to these Charities or their time to the Charities to help the Charities raise funds.  The Class Members' actions show that they intended to support the Charities financially, and that is exactly what this Settlement accomplishes.

    4.  No class members objected at the hearing, and no class members validly opted out of the settlement according to the procedure established by the Court.

  F.  **<u>Attorneys' Fees, Costs, and Named Plaintiff's Participation Award.</u>**  Murray & Murray Co., L.P.A. and Elk & Elk Co., Ltd. (collectively, "Class Counsel") have requested attorneys' fees of $566,666, or one-third of the $1,700,000 Settlement Amount, and a reimbursement of expenses in the amount of $40,000 to be drawn from the Settlement Amount.  Additionally, Named Plaintiff has requested a participation award of $2,500 to be drawn from the common fund.  Within ten days from the date this Order becomes Non-Appealable, the amounts awarded in this paragraph will be paid out in accordance with the Settlement Agreement.

  In considering these requests, the Court considers Federal Rules of Civil Procedure 23(g), 23(h), and 54(d)(2).  The Court also considers (1) the value of the benefit rendered to the class; (2) society's stake in rewarding attorneys who produce such benefits in order to maintain an

6

incentive to others; (3) whether the services were undertaken on a contingent fee basis; (4) the value of the services on an hourly basis and number of hours expended; (5) the complexity of the litigation; (6) the professional skill and standing of counsel on both sides of the dispute; and (7) this Court's own familiarity of the litigation since the Court has remained fully involved throughout the process.

The Court finds that Class Counsel prosecuted this case with no guarantee of receiving anything, and paid all costs and expenses to date without reimbursement, and that they expended hundreds of hours in professional services and incurred out-of-pocket expenses for the litigation. The fee award sought here is one-third of the total $1.7 million Settlement Amount plus costs of $40,000 incurred.  The Court finds that Class Counsel identified and asserted the claims in the litigation, that the resulting recovery represents the original intention of the class members, and the recovery was obtained through the efforts of Class Counsel without the necessity or the risks associated with trial.

The Court further finds that society has a stake in providing an incentive to the attorneys, that there is a public interest in ensuring that attorneys are adequately paid in order that they and others like them will continue to take on such cases, and that the Plaintiffs here were represented through a contingency-fee agreement that entitled the attorneys to one-third of the recovery and also to case expenses that the attorneys advanced.

Class Counsel devoted significant amounts of time and money to prosecute this case, with no guarantee of even a reimbursement of their out-of-pocket cash payments, and thus took on substantial litigation risks.  Class Counsel undertook this litigation on a contingent basis despite these risks and obstacles.  The Court further finds that Class Counsel spent hundreds of hours on the litigation, which validates the award from the Settlement Amount.  Finally, the

Court finds that this litigation was complex and included many challenging issues and that Class Counsel have and took advantage of vast skill and experience with class litigation.

With regard to the participation award, the Court finds that Named Plaintiff spent significant time on matters related to furthering the litigation, including responding to written discovery, preparing for and attending her deposition, attending multiple Court-mandated conferences, and consulting with her attorneys. The Court further finds that Named Plaintiff's efforts were instrumental in the favorable result that the Class obtained in this settlement.

Based on these findings, the Court awards attorneys' fees to Class Counsel in the amount of $566,666.66, to be drawn from the Settlement Amount. Additionally, the Court awards Class Counsel $33,830.65 in expense reimbursement to be drawn from the Settlement Amount. And the Court awards Named Plaintiff a participation award of $2,500 to be paid from the Settlement Amount. The balance of the monies remaining in the Settlement Amount shall be distributed to the Charities and in the percentages delineated in Court's Exhibit 1 hereto.

On the basis of the foregoing FINDINGS and CONCLUSIONS, as well as the submissions and proceedings referred to above, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **Settlement Approval.** The Settlement and the Settlement Agreement are approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, and the Court finds that the requirements of due process and Federal Rule of Civil Procedure 23 are satisfied. The objections to the Settlement are overruled and denied in all respects. The Parties are ordered and directed to comply with the terms of the Settlement Agreement.

2. **Final Class Certification.**  The Court, having found that each of the elements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) satisfied, for purposes of Settlement only, permanently certifies the Settlement Class consisting of:

> All persons in the United States who (a) received a telephone call from, or placed a telephone call to, Defendants between September 27, 2008 and the present, concerning a Charity, that contained any misrepresenttation and/or omission of any material fact, and (b) agreed to either donate to, or volunteer to solicit funds on behalf of, a Charity.

The people identified on the attached list are excluded from the Settlement Class.  For purposes of Settlement only, Named Plaintiff is certified as the Class Representative and Class Counsel is appointed to represent the Settlement Class.  The finally certified Settlement Class is for purposes of Settlement only, and if this Order is reversed or materially altered on appeal or the Settlement is terminated for any reason, the Settlement Class shall be decertified and the Parties shall revert to their respective positions as of August 29, 2013 without prejudice to any legal argument that any of the Parties might have asserted but for the Settlement Agreement, including arguments against class certification.

3. **Release of Settled Claims.**

a. Named Plaintiff and Settlement Class Members (i) are deemed to fully, finally, and forever release, relinquish, and discharge each and every Claim or Unknown Claim, as respectively defined by the Settlement Agreement, that has been asserted or could have been asserted against Defendants in this Action or any other past or present proceeding, including but not limited to any claims for attorneys' fees, costs, or expenses arising from any alleged misrepresentations or omissions or representations made by Defendants on behalf of Charities from September 27, 2008 to the present that arise under any federal law, state law, foreign law, common-law doctrine, rule, or regulation or otherwise and could have been asserted in any forum by the Plaintiffs, including any claims that relate to the decision to enter into this

Settlement Agreement, except for any claims to enforce the Settlement Agreement ("Settled Claims").

      b.      InfoCision is fully, finally, and forever released, relinquished, and discharged from all Settled Claims.

      c.      Plaintiffs are enjoined and barred from asserting any Settled Claims against the InfoCision in any action or proceeding of any nature whatsoever.

      d.      The Parties are deemed to waive and relinquish to the fullest extent permitted by law, the provisions, rights, and benefits of any statutory or common laws of any state, territory, or other jurisdiction, including but not limited to California Code Section 1542, which provides in substance that "A general release does not extend to claims which the creditor does not know or suspect to exist in the creditor's favor at the time of executing the release, which if known by creditor, must have materially affected the creditor's settlement with the debtor."

    4.      **<u>Effect of Final Order</u>**.  Neither the Settlement Agreement nor any negotiations, statements, or proceedings in connection with the Settlement shall be construed as, or be deemed to be evidence of, an admission or concession on the part of any Settlement Class Member or InfoCision, or any other person of any liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Action are or are not meritorious, and this Order, the Settlement Agreement or any such communications shall not be offered or received in evidence in any action or proceeding; *provided, however,* that the Settlement Agreement, this Order, and the Final Judgment to be entered on this Order may be filed in any action by InfoCision or the Settlement Class Members seeking to enforce the Settlement or the Final Judgment by injunctive or other relief, or to assert defenses including, but not limited to,

*res judicata,* collateral estoppel, release, good faith settlement, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settlement Agreement shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to the Settled Claims and other prohibitions set forth in this Order that are maintained by, or on behalf of, the Settlement Class Members or any other person subject to the provisions of this Order.

     5.    **Termination.** If the Settlement Agreement does not become effective or is terminated in accordance with its terms, or this Order and Final Judgment are reversed or materially altered on appeal, then this Order and the Final Judgment shall be rendered null and void and be vacated and all orders entered in connection with approval of the Settlement by this Court, including but not limited to the final certification of the Settlement Class, shall be rendered null and void, and the Parties shall revert to their positions as of August 29, 2013. The Parties shall retain all substantive and procedural rights and defenses, and the right to take any action in opposition to class certification in the Action, or any other action, if the Settlement is reversed or materially altered on appeal, or if the Settlement is terminated for any reason. The Parties' rights and defenses shall not be affected by the doctrine of judicial estoppel or otherwise, or waived, by the Parties' efforts to obtain approval of the Settlement.

     6.    **Entry of Judgment.** The Clerk of the Court is directed to enter a Final Judgment dismissing all Settled Claims with prejudice.

     7.    **Continuing Jurisdiction.** Without affecting the finality of this Order and the Final Judgment, this Court retains jurisdiction as to all matters relating to (a) the interpretation, administration, and consummation of the Settlement Agreement and (b) the enforcement of the

8. injunctions described in Paragraph 3 of this Order.


SO ORDERED this 28th day of March, 2014.


s/ *James S. Gwin*  
The Honorable James S. Gwin  
United States District Judge